**CARSON HARBOR VILLAGE, LTD., a Limited Partnership dba Carson Harbor Village Mobile Home Park, Plaintiff—Appellant,**

v.

**CITY OF CARSON, a Municipal Corporation; Carson City Mobilehome Park Rental Review Board, Defendants—Appellees,**

and

**Carson Harbor Village Mobilehome Park Homeowners Association, Real Party in Interest, Defendant.**

No. 02–56213.

D.C. No. CV–01–04799–RJK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided Jan. 2, 2004.

---

David Spangenberg, Law Office of David Spangenberg, Healdsburg, CA, for Plaintiff–Appellant.

Rochelle Brown, Richards Watson & Gershon, Los Angeles, CA, for Defendants–Appellees.

Richard H. Close, Gilchrist & Rutter, Santa Monica, CA, for Defendant.

Before REINHARDT, O'SCANNLAIN and FISHER, Circuit Judges.

## MEMORANDUM *

Appellant Carson Harbor Village, Ltd. ("Carson Harbor") appeals the district court's dismissal of procedural due process, substantive due process and equal protection claims against Appellees City of Carson ("City") and City of Carson Mobilehome Park Rental Review Board ("Board").[1] Carson Harbor challenges the Board's partial denial of its June 2000 rent increase application and the City's alleged refusal to process its April 2001 regulatory lag rent application. The district court dismissed these claims on the pleadings and we affirm. The relevant facts are known to the parties and are discussed here only as necessary.

█ Carson Harbor claims that the City, acting through the Board, violated substantive due process by exercising its

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Carson Harbor also appeals the district court's dismissal of its regulatory takings claims against the same appellees, which we address in a separate published opinion.

police powers in an arbitrary and capricious manner to partially deny Carson Harbor's June 2000 rent increase application. The district court dismissed Carson Harbor's substantive due process claim pursuant to *Armendariz v. Penman,* 75 F.3d 1311 (9th Cir.1996), which holds that "substantive due process claims are precluded where the alleged violation is addressed by the explicit textual provisions of the Fifth Amendment's Takings Clause." *Madison v. Graham,* 316 F.3d 867, 870–71 (9th Cir.2002). Carson Harbor tries to circumvent *Armendariz* by arguing that the substantive due process claim in this case is based not on the taking of property, but rather on the City's arbitrary and capricious use of the police power. This argument is unavailing. Because Carson Harbor's allegations, if proven, would constitute a taking of property, its claim is covered by the explicit protections of the Fifth Amendment's Takings Clause and cannot be brought under the more generalized rubric of substantive due process.

■ Carson Harbor also appeals the district court's dismissal of its procedural due process claims. Carson Harbor claims that the Board and City violated Carson Harbor's due process rights by meeting in private in advance of the public hearing on Carson Harbor's June 2000 rent increase application to decide how the application should be treated. Carson Harbor also claims that the City violated its due process rights by refusing to process Carson Harbor's April 2001 regulatory lag rent application. The district court dismissed Carson Harbor's procedural due process claims because the court determined, based on its own examination of the rent control ordinance, that Carson Harbor had no protected liberty or property interest in its proposed rent increases. We agree.

"A threshold requirement to a … procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Dittman v. State of California,* 191 F.3d 1020, 1029 (9th Cir.1999) (internal quotation marks omitted). A protected liberty or property interest "arises from legitimate claim(s) of entitlement … defined by existing rules or understandings that stem from an independent source such as state law." *Erdelyi v. O'Brien,* 680 F.2d 61, 63 (9th Cir. 1982) (per curiam) (internal quotation marks omitted). Whether the City's rent control ordinance creates a property interest in Carson Harbor's proposed rent increases "is determined largely by the language of the [ordinance] and the extent to which the entitlement is couched in mandatory terms." *Wedges/Ledges of Cal., Inc. v. City of Phoenix,* 24 F.3d 56, 62 (9th Cir.1994). Having reviewed the rent control ordinance, we conclude that the Board is left with considerable discretion in deciding whether to grant or deny a rent increase. This discretion forecloses the existence of a legal entitlement to a proposed rent increase. *See Bateson v. Geisse,* 857 F.2d 1300, 1305 (9th Cir.1988).

■ Finally, Carson Harbor appeals the dismissal of its equal protection challenge to the City's partial denial of Carson Harbor's June 2000 rent increase application. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (internal quotation marks omitted). The district court dismissed the equal protection claim because Carson Harbor failed to identify other businesses in the City that are similarly situated to, but are treated differently from, Carson Harbor. We agree with the district court that Carson Harbor has failed to state a valid claim under the Equal Protection Clause. The complaint states that "[o]ther regulated businesses in the City are au-

thorized and allowed to adjust costs and returns by the effects of inflation," while Carson Harbor is prevented from doing so. Carson Harbor, however, has failed to identify these "regulated businesses" and has not alleged that they are similarly situated. Although we must accept all allegations of material fact in the complaint as true and construe them in the light most favorable to Carson Harbor, we need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). Carson Harbor's conclusory allegations are insufficient to state a valid claim for relief under the Equal Protection Clause.

**AFFIRMED.**