Dario Antonio **VALENCIA**, Plaintiff—Appellant,

v.

Alex **KESSEL**, Defendant—Appellee.

No. 03–56247.

D.C. No. CV–02–04603–GLT.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 19, 2004.

Dario Antonio Valencia, Cali, Valle, Colombia, pro se.

Jon D. Robinson, Nemecek & Cole, Sherman Oaks, CA, for Defendant–Appellee.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM**

Dario Antonio Valencia, a federal prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging legal malpractice by his criminal attorney. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Madison v. Graham,* 316 F.3d 867, 869 (9th Cir.2002), and we affirm.

The gravamen of Valencia's action is that his former criminal attorney committed malpractice in representing Valencia at sentencing after he pleaded guilty to one count of possession with intent to distribute 36 kilograms of cocaine. The district court properly dismissed Valencia's 42 U.S.C. § 1983 claim because Valencia failed to name a defendant acting under color of state law. *See Polk County v. Dodson,* 454 U.S. 312, 319–22, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (holding that defense counsel does not act under color of state law when representing a defendant).

Because Valencia cannot satisfy the "actual innocence" rule as enumerated by the California Supreme Court in *Wiley v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*County of San Diego,* 19 Cal.4th 532, 79 Cal.Rptr.2d 672, 966 P.2d 983 (1998), dismissal of his attorney malpractice claim was proper. *See Coscia McKenna & Cuneo,* 25 Cal.4th 1194, 108 Cal.Rptr.2d 471, 25 P.3d 670, 672–73 (2001).

**AFFIRMED.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.