Melvin HOLST, Plaintiff–Appellant,

v.

CITY OF PORTLAND; Vera Katz, Mayor of Portland; Circuit Court of Oregon, Multnomah County; Dale Koch, Presiding Judge of the 4th Circuit, Defendants–Appellees.

No. 04–35496.

D.C. No. CV–03–01330–JMS.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

Melvin Holst, Gresham, OR, pro se.

Harry Auerbach, Deputy City Attorney, J. Scott Moede, Esq., Office of the City Attorney, Portland, OR, Judy Lucas, Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

Before T.G. NELSON, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM ***

Melvin Holst appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action against the City of Portland and others, challenging the constitutionality of his conviction for a photo-radar speeding violation. After de novo review, *Madison v. Graham*, 316 F.3d 867, 869 (9th Cir.2002), we affirm.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 363.

The core of Holst's complaint is that he was convicted in violation of due process, and he seeks federal review of his state court traffic conviction. The district court properly concluded that it lacked jurisdiction to declare Holst's Oregon speeding conviction unconstitutional, grant him a new hearing, or compel the State of Oregon to refund his fine. *See Noel v. Hall,* 341 F.3d 1148, 1155–58 (9th Cir.2003) (district court lacks jurisdiction to hear action seeking review of state court judgment).

To the extent Holst seeks prospective relief, the district court also properly dismissed his claims because Holst did not identify any underlying constitutional violation. *See Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir.1991) (section 1983 claim requires violation of federally protected right). Portland's photo-radar procedures comport with Oregon law, which guarantees a hearing, provides a statutory defense when traffic control devices are improperly installed, gives notice to violators that a police officer can testify, and allows for discovery of evidence. *See Lasar v. Ford Motor Co.,* 399 F.3d 1101, 1110 (9th Cir.2005) (civil sanctions require only adequate notice and an opportunity to be heard).

Holst's remaining contentions also lack merit.

AFFIRMED.