Keith MASON; Jennifer Mason; Nathan Buchinger; Aaron Beay; Sara Beay, f/k/a Sara Rzeznik; Laura Carroll; Sarkis Cholakian; Jason Storms; Sarah Storms, Plaintiffs—Appellants,

v.

Joseph SULLIVAN, in his individual capacity and in his official capacity as Vice President of Business Services at Santa Barbara City College, Defendant—Appellee.

No. 06–56629.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2008.

Filed Feb. 11, 2008.

Michael Millen, Los Gatos, CA, for Plaintiffs–Appellants.

Kristine L. Mollenkopf, Esq., Hardin and Coffin, LLP, Santa Barbara, CA, for Defendant–Appellee.

Before: WALLACE, HUG, and SCHROEDER, Circuit Judges.

## MEMORANDUM *

Mason appeals from the district court's order dismissing his complaint for failure to state a claim, the district court's denial of Mason's request for leave to amend his complaint, and the district court's dismissal of Mason's state law claims for lack of jurisdiction. We affirm.

■ We review *de novo* a dismissal for failure to state a claim for which relief can be granted. *Madison v. Graham*, 316 F.3d 867, 869 (9th Cir.2002). Under Fed. R.Civ.P. 12(b)(6), a complaint may be dismissed for failure to state a claim "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990), *as amended.* Mason's complaint was properly dismissed under this standard. Mason's First Amendment claim fails because Mason did not allege that the college's campus permit policy was unconstitutional on its face or as applied to him. Without such an allegation, Mason fails to show that he had a First Amendment right in the first instance.

■ Furthermore, because Mason was violating a presumably constitutional policy, Sullivan's alleged citizen's arrest of Mason did not violate Mason's Fourth Amendment rights because Mason's violation of a campus policy gave Sullivan probable cause to perform an arrest. *See* Cal.Penal Code §§ 626.4(a) and 837.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Nor did the district court abuse its discretion when it implicitly denied Mason's request for leave to amend the complaint, because Mason's suggested amendment would have been futile. *See Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,* 701 F.2d 1276, 1292–93 (9th Cir.1983). Mason's "Opposition to Motion to Dismiss First Amendment Complaint" offered only to amend the complaint to clarify the facts already alleged, and in fact insisted that whether or not the permit policy was constitutional was completely "irrelevant." Mason never offered to amend the complaint to add an allegation that the college's permit policy itself was invalid, and thus the district court did not abuse its discretion when it declined to permit him further amendments.

Finally, the district court did not abuse its discretion when it refused to assert supplemental jurisdiction over Mason's state law claims. "A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" *Ove v. Gwinn,* 264 F.3d 817, 826 (9th Cir.2001), *quoting* 28 U.S.C. § 1367(c)(3). After dismissing Mason's section 1983 federal claims, the district court was within its discretion to decline jurisdiction over Mason's remaining state law claims.

**AFFIRMED.**