**FIREMAN'S FUND INSURANCE COMPANY; et al., Plaintiffs–Appellants,**

v.

**SONITROL MANAGEMENT CORPORATION, dba Sonitrol of San Diego, Defendant–Appellee.**

No. 07–55003.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 23, 2008.

Filed Nov. 5, 2008.

James E. Mahoney, Esquire, Daryl G. Parker, Esquire, Pachulski Stang Ziehl & Jones, Los Angeles, CA, for Plaintiff-Appellant.

Jeff Gerard Harmeyer, Esquire, McAtee & Harmeyer, San Diego, CA, Robert N. Lemay, Esquire, Kane, Russell, Coleman & Logan Dallas, TX, for Defendant-Appellee.

Before: W. FLETCHER and PAEZ, Circuit Judges, and DUFFY,* District Judge.

## MEMORANDUM **

Fireman's Fund Insurance Company and Fireman's Fund McGee Marine Underwriters ("Fireman's Fund") appeal from the district court's order granting Sonitrol, Inc.'s ("Sonitrol") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Fireman's Fund contends that it is entitled to equitable subrogation of a claim arising out of Sonitrol's alleged failure to perform its contractual duty to Fireman's Fund's insureds ("Insureds"). Because we conclude that Fireman's Fund stated a claim for equitable subrogation under California law, we reverse and remand for further proceedings.

A federal court sitting in diversity applies state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). We review *de novo* a dismissal motion under Rule 12(b)(6). *Madison v. Graham*, 316 F.3d

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

867, 869 (9th Cir.2002). Review is limited to the well pleaded allegations of material fact in the complaint, which are accepted as true and construed in the light most favorable to the nonmoving party. *Rodriguez v. Panayiotou,* 314 F.3d 979, 983 (9th Cir.2002).

The elements of a claim for equitable subrogation under California law are summarized in *Fireman's Fund Ins. Co. v. Wilshire Film Ventures, Inc.,* 52 Cal. App.4th 553, 60 Cal.Rptr.2d 591, 592 (1997). Two of these elements are at issue here. First, whether the insured has suffered a loss for which the defendant is liable, either (A) because the defendant is a wrongdoer whose act or omission caused the loss or (B) because it is legally responsible to the insured for the loss caused by the wrongdoer. Second, whether the defendant's equitable position is inferior to that of the insurer so that justice requires that the loss should be entirely shifted to it (equitable superiority). If the plaintiff prevails on a claim for equitable subrogation, the insurer is placed "in the shoes" of its insured to the extent of the insured's claim. *State Farm Gen. Ins. Co. v. Wells Fargo Bank,* 143 Cal.App.4th 1098, 49 Cal. Rptr.3d 785, 790 (2006).

As to the first element in dispute, Fireman's Fund's complaint alleged that there was an agreement between the Insureds and Sonitrol whereby the latter would monitor electronic equipment and warn the former of changes in temperature or other malfunctions. It further alleged that Sonitrol's failure to do so caused the damage to the computer equipment. Assuming the truth of these allegations, as we must, a reasonable fact-finder could conclude that had Sonitrol detected the changes in temperature when they occurred and timely warned Insureds of these changes, the harm to the equipment could have been prevented. Thus, we conclude that Fire-

man's Fund alleged facts sufficient to satisfy the first disputed element.

As to the second disputed element, California law recognizes the equitable superiority of a party who can show that the other party was "guilty of some wrongful conduct which makes its equity inferior." *State Farm Gen. Ins. Co.,* 49 Cal.Rptr.3d at 795 (internal quotations omitted). Accordingly, whether one party caused the loss or was in the best position to prevent that loss bears on the equitable superiority inquiry. *See Meyers v. Bank of Am. Nat'l Trust and Sav. Ass'n,* 11 Cal.2d 92, 77 P.2d 1084, 1089 (1938); *Fireman's Fund Ins. Co. v. Morse Signal Devices,* 151 Cal. App.3d 681, 198 Cal.Rptr. 756, 760 (1984). Here, as noted above, Fireman's Fund alleged that Sonitrol was the cause of the loss to Insureds. The facts alleged also suggest that Sonitrol was in the best position to prevent the loss because it was required to monitor ongoing temperature conditions and would be the first to know when changes occurred. These facts are sufficient to satisfy the second disputed element.

Thus, we hold that Fireman's Fund has alleged facts sufficient to state a claim for equitable subrogation under California law, and we reverse and remand for further proceedings.

REVERSED and REMANDED.