NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| APRIL-LEE WILLIAMS, | No. 08-36042 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00082-TSZ |
| v. | |
| MCIMETRO ACCESS TRANSMISSION SERVICES INC; MCI COMMUNICATIONS SERVICES INC, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted December 8, 2009
Seattle, Washington

Before: GOULD and TALLMAN, Circuit Judges, and BENITEZ,[**] District Judge.

The parties are familiar with the facts of the case and we do not repeat them

here. Plaintiff-Appellant April-Lee Williams ("Williams") appeals a district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

court's oral order granting Defendant-Appellee MCIMetro Access Transmission Services, Inc.'s ("MCI's") motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). The district court ruled Williams failed to state a cognizable legal theory under Revised Code of Washington ("RCW") 80.36.400 and alternatively, RCW 80.36.400 was preempted by 47 U.S.C. § 227, the Telephone Consumer Protection Act. We affirm on the first ground and accordingly decline to reach the alternative basis for dismissal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a dismissal for failure to state a claim pursuant to Rule 12(b)(6) *de novo*. *Madison v. Graham*, 316 F.3d 867, 869 (9th Cir. 2002). A Rule 12(b)(6) dismissal may be based on either the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). We conclude the district court did not err in dismissing Williams' claim for failure to state a cognizable legal theory.

RCW 80.36.400(2) provides, "No person may use an automatic dialing and announcing device for purposes of commercial solicitation." RCW 80.36.400(1)(a) defines an automatic dialing and announcing device as "a device which automatically dials telephone numbers and plays a recorded message once a connection is made." Despite this definition, Williams proceeded on the legal

2

theory that a device need not play a recorded message to qualify as an automatic dialing and announcing device under RCW 80.36.400.

Such a theory does not give plain meaning to the statutory definition of the term. The definition is simple. The device "automatically dials telephone numbers *and plays a recorded message once a connection is made*." RCW 80.36.400(1)(a) (emphasis added). Thus, the use of a device that merely automatically dials telephone numbers—but does not play a recorded message once a connection is made—does not violate RCW 80.36.400.

By proceeding on the legal theory that a recorded message need not be played in order to violate RCW 80.36.400, Williams failed to state a cognizable legal theory.

Accordingly, the judgment of the district court is **AFFIRMED**.

3