**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELWYN PATOC, ERIC PATOC, ELVY PATOC, EDWARD PATOC, | No. 08-17002 |
| Plaintiffs-Appellants, | D.C. No. 08-CV-01893-RMW |
| v. | MEMORANDUM [*] |
| LEXINGTON INSURANCE COMPANY, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted November 4, 2009
San Francisco, California

Before: NOONAN and W. FLETCHER, Circuit Judges, and DUFFY,[**] District Judge.

Appellants Elwyn Patoc, Eric Patoc, Elvy Patoc, and Edward Patoc

("Appellants" or the "Patocs") appeal the district court's judgment granting Lexington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

1

Insurance Company's ("Lexington") motion to dismiss without leave to amend pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This appeal arises out of a wrongful death claim by Appellants against Lexington's insured for the loss of their mother, which resulted in a settlement for $1,000,000.00. In the instant case, Appellants alleged claims for breach of contract and bad faith against Lexington, among other insurance carriers, for their refusal to defend and indemnify the insured in the wrongful death lawsuit. The district court dismissed Plaintiffs' complaint with respect to all claims and all defendants. The Patocs appealed the dismissal only as to Lexington. We affirm.

We review an order granting a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure de novo, accepting all allegations of material fact in the complaint as true and construing the facts in the light most favorable to the non-moving party. Madison v. Graham, 316 F.3d 867, 869 (9th Cir. 2002).

When alleging the terms of the Lexington automobile policy in their complaint, the Patocs stated that Lexington's

> automobile liability coverage had no "per accident" limits.
> Moreover, this automobile liability coverage did not
> contain any "per person" limits limiting the maximum
> liability for all damages for bodily injury sustained by any
> one person in any one automobile accident. The

2

> automobile liability coverage part also had no aggregate limit of liability for automobile liability.

Based on this language, the Patocs argued to the district court that their wrongful death claim was covered under Lexington's policy and that it was a breach of contract and a breach of contract in bad faith for Lexington to deny coverage.

On appeal, the Patocs argue for the first time that since Lexington's policy had no "per accident" limits, and since their "per person" limits did not aggregate all damages on account of any one bodily injury to a single "per person" limit, then even though Lexington paid its policy limits on Patoc's personal injury claim, a second "per person" limit is available for the Patocs' non-derivative wrongful death claim. This argument was not discernible from the allegations raised in Appellants' complaint and was not made at all in their opposition to the defendants' Rule 12(b)(6) motion in the district court. Consequently, we decline Appellants' invitation to consider it anew. See A-1 Ambulance Serv., Inc., v. County of Monterey, 90 F.3d 333, 338–39 (9th Cir. 1996).

To the extent that they are properly raised, Appellants' other arguments lack merit, and we reject them without further discussion. We also deny Appellants' request for judicial notice of two General Orders of the Public Utilities Commission of the State of California, General Order 100-M and General Order 101-E. See Ctr.

3

for Bio-Ethical Reform, Inc. v. City & County of Honolulu, 455 F.3d 910, 919 n.3 (9th Cir. 2006) (expressing reluctance to grant judicial notice of "documents [that] were not before the district court and their significance, if any, is not factored into the record on appeal").

AFFIRMED.