**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-56177 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-07124-RGK-JC |
| v. | |
| UNION AUTO SALES, INC., DBA Union Mitsubishi and HAN KOOK ENTERPRISES, INC., DBA Garden Grove Hyundai, DBA Han Kook Imports, DBA Han Kook Motors, Inc., DBA Los Angeles City Hyundai, DBA Vermont Chevrolet, | MEMORANDUM[*] |
| Defendants - Appellees | |
| and | |
| NARA BANK; HAN KOOK IMPORTS, INC; VERMONT CHEVROLET, INC.; HAN KOOK MOTORS, INC., | |
| Defendants. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 10, 2012
Pasadena, California

Before: WARDLAW and CALLAHAN, Circuit Judges, and MARTINEZ, District Judge.[**]

The United States appeals the district court's Rule 12(b)(6) dismissal of its First Amended Complaint ("FAC") for failure to state a claim against automobile dealers Union Auto Sales, Inc., and Han Kook Enterprises, Inc. ("HKE"). We have jurisdiction under 28 U.S.C. § 1291, and reverse the dismissal of the United States' complaint as to Union Auto.[1]

We review de novo an order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Madison v. Graham*, 316 F.3d 867, 869 (9th Cir. 2002). The court must accept "all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving

---

[**] The Honorable Ricardo S. Martinez, U.S. District Judge for the Western District of Washington, sitting by designation.

[1] After this appeal was filed, HKE petitioned for bankruptcy under Chapter 7 of the United States Bankruptcy Code. These proceedings were closed on July 6, 2011, after the trustee reported that HKE had no property available for distribution. *See In re* Estate of Han Kook Enterprises, Inc., No. 2:11-bk-21429-BR (Bankr. C.D. Ca. July 6, 2011). HKE took no part in the argument of this appeal.

party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029 (9th Cir. 2009) (quotation marks omitted). Because the FAC complied with the pleading standards set by Federal Rule of Civil Procedure 8(a), and was sufficient to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" *Williams v. Boeing Co.*, 517 F.3d 1120, 1130 (9th Cir. 2008) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)), the district court erred in dismissing the FAC.

The district court erred in concluding that the FAC failed to allege a plausible claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691. The district court confused the standard for stating a claim of discrimination at the pleading stage and the evidentiary standards that must be met to prove that claim. At the pleading stage, the United States is not required to demonstrate discrimination, but merely to allege facts sufficient to make a discrimination claim plausible. As the Supreme Court made clear in *Swierkiewicz*, 534 U.S. at 510, a plaintiff need not establish a prima facie case of discrimination at the pleading stage as "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement." The FAC sufficiently pleaded specific, non-conclusory facts that placed Union Auto on notice of the claims against it and that suggested an entitlement to relief. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)

3

(explaining pleading requirements under Rule 8(a)); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that Rule 8(a) requires that a plaintiff plead "only enough facts to state a claim to relief that is plausible on its face").

The ECOA provides that it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). The FAC alleges that Union Auto violated the ECOA by instituting a lending policy that allowed sales representatives to add discretionary "overages"—subjective markups unrelated to any creditworthiness standards—to financing contracts, which resulted in a pattern of discrimination against non-Asians. Specifically, FAC ¶¶ 9&12 allege that the Board of Governors of the Federal Reserve System found reason to believe that Nara Bank's indirect automobile lending program discriminated against non-Asian borrowers, and that Union Auto originated 21% of the loans in Nara Bank's indirect automobile lending program. FAC ¶ 18 alleges that Union Auto gave its employees discretion to set overages within broad parameters, and that "[t]his discretion was exercised in a manner that discriminated against non-Asian borrowers." The FAC also recites the results of the United States' independent analysis of loan files, which shows that Union's "non-Asian borrowers were charged mean overages

4

approximately 35 to 155 basis points higher than Asian borrowers," that these differences "cannot be explained fully by factors unrelated to race or national origin such as differences in the customers' creditworthiness," and that "[t]hese differences are statistically significant." Viewed in the light most favorable to the nonmoving party, *Rowe*, 559 F.3d at 1029 (quotation marks omitted), these allegations plausibly state a claim for relief.

Contrary to the district court's conclusion, the FAC's classification of "Asians" and "non-Asians" did not render the ECOA claim any less plausible. The link between names and racial categorization for the purposes of both antidiscrimination law and discriminatory conduct is well-established, *see Orhorhaghe v. I.N.S.*, 38 F.3d 488, 498 (9th Cir. 1994) (citations omitted), and "Asian" is a category routinely deployed for the purposes of anti-discrimination laws,[2] *see, e.g.*, *Davis v. City and County of San Francisco*, 890 F.2d 1438, 1446 (9th Cir. 1989) (upholding consent decree that "provid[ed] relief to Asians, Hispanics or women who have been discriminated against at both the entry-level

---

[2]Federal regulations themselves provide a capacious definition of the category of "Asian or Pacific Islander" in the context of Title VI of the Civil Rights Act: "A person having origins in any of the original peoples of the Far East, Southeast Asia, the Indian Subcontinent, or the Pacific Islands. This area includes, for example, China, Japan, Korea, the Philippine Islands, and Samoa." 28 C.F.R. § 42.402(e)(3).

5

and promotion level"); *see also U.S. v. Cannady*, 54 F.3d 544, 547 (9th Cir. 1995) ("Asians" are a "distinctive group[] in the community" for purposes of the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861).

That the FAC pleads discrimination against non-Asians—instead of against Asians—is irrelevant. The ECOA protects individuals, not groups, and discrimination against a single applicant on a basis prohibited by the ECOA violates the law. *See* 15 U.S.C. § 1691(a).

Nor was the district court justified in dismissing the FAC for failing to articulate a theory of "why the sales-reps would give lower loan rates to 'Asians.'" *U.S. v. Nara Bank*, No. 09-07124-RGK, 2010 WL 2766992, at *2 (C.D. Cal. May 28, 2010). Under a disparate impact theory, intent is irrelevant. *See Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1424 (9th Cir. 1990). And under a disparate treatment theory, a plaintiff need only allege that a defendant "simply treats some people less favorably than others because of their race, color, religion, sex, or national origin." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977).

Because the United States has stated a plausible claim under the ECOA, we reverse the dismissal of the complaint against Union Auto and remand for further proceedings consistent with this decision.

6

**REVERSED** in part, and **REMANDED**.

*United States v. Union Auto Sales, Inc.*, No. 10-56177

Callahan, Circuit Judge

I respectfully dissent. In my view, the complaint at issue here would have survived a motion to dismiss for failure to state a claim before 2007. However, that year the Supreme Court decided *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Apparently, the government didn't feel the ripple in the Force caused by *Twombly*, or hear the cries of the thousands of complaints that died as a result of the decision. After *Twombly*, it is not enough that a complaint alleges a claim in which discrimination is *possible*; now a complaint must allege facts that establish a claim for discrimination which is *plausible*. *Id.* at 557-58 (explaining "that something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005))). This case perfectly demonstrates an insufficient pleading because the government has "not nudged [its] claims across the line from conceivable to plausible . . . ." *Id.* at 570.

In *Starr v. Baca*, 652 F.3d 1202, 1215-16 (9th Cir. 2011), we reviewed

-1-

recent Supreme Court opinions related to the pleading standard and found that

> whatever the difference between these cases, we can at least state the following two principles common to all of them. First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* at 1216.  Here, the First Amended Complaint ("FAC") simply recites the elements of a cause of action.

The allegations in the FAC regarding Union Auto Sales' ("Union") discriminatory conduct do not "plausibly suggest an entitlement to relief." *Id.* First, the government alleges that Union "originated more than 1400 automobile loans between January 1, 2004 and December 31, 2006," and that it classified "at least 200 borrowers as Asian and at least 1200 borrowers as non-Asian, many of whom were Hispanic."  FAC ¶ 19.  Next, it alleges that Union charged non-Asian borrowers "approximately 35 to 155 basis points higher than Asian borrowers." FAC ¶ 20.  It then alleges that "[m]ore than 600 non-Asian customers . . . were charged overages higher than the mean overage charged to Asian borrowers during the covered time period." *Id.*  Since there were 1200 non-Asian borrowers, this

allegation states that half the non-Asian borrowers were charged overages higher than the average Asian borrower. This is not sufficient to nudge the government's claim across the line from conceivable to plausible. *See Twombly*, 550 U.S. at 570.

The government further alleges that Union "did not use formal, written, or uniform underwriting guidelines to set interest rate markups. Instead, employees . . . were granted the discretion to engage in subjective decision-making and set overages within broad parameters. This discretion was exercised in a manner that discriminated against non-Asian borrowers." FAC ¶ 18. The government also alleges that "[t]he difference in overages between the automobile loans made to non-Asian customers . . . and those made to Asian customers cannot be explained fully by factors unrelated to race or national origin such as differences in the customers' creditworthiness. These differences are statistically significant." FAC ¶ 21. The government's wholly conclusory allegations "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," and the Supreme Court has made clear that conclusory allegations are not sufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 555).

I would hold the government to the same pleading standard other plaintiffs must satisfy. Like any other plaintiff, the government must allege a claim for relief

that rises above possible; it must be plausible.  Because the government's

complaint here falls short, I dissent.